East Baton Rouge Parish Clerk of Court - C631395 TORT/INJ/DAMAGES/JURY REQUEST    Page 1 of 13

**19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 631543    DIVISION " "    SECTION "D"

631395

**VERA CLAIBORNE**

**VERSUS**

**RECOVERY SCHOOL DISTRICT AND PATRICK DOBARD, in his capacity as Superintendent of Schools for the Recovery School District**

FILED: _____    _____
                                    DEPUTY CLERK

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Vera Claiborne, Plaintiff herein, who respectfully represents the following:

1.

Plaintiff, Vera Claiborne (hereinafter "Claiborne"), a person of the full age of majority, resides and is domiciled in the Parish of East Baton Rouge, Louisiana.

2.

Made a defendant herein is the State of Louisiana, through the Recovery School District (hereinafter "RSD") Division of the Department of Education, a constitutionally organized department of the executive branch of government, under the constitution and laws of the State of Louisiana.

3.

Made defendant herein is Patrick Dobard (hereinafter "Dobard"), the Superintendent of Schools for RSD, upon information and belief, is a person of the full age of majority and domiciled in East Baton Rouge Parish, State of Louisiana. Dobard is being sued in his official capacity as Superintendant.

**FACTUAL BACKGROUND**

4.

On or about May 22, 2012, Ms. Claiborne, 54, was hired as an Interventionist for Prescott Middle School within the Louisiana Recovery School District. Her primary responsibility was to prepare students for the LEAP test. Eventually, Ms. Claiborne assumed the role of a para-professional. However, her responsibilities did not change.

1

Certified True and Correct Copy
eCertID: 000147675
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14.132, 133, and/or RPC Rule 3.3(a)(3).

REC'D C.P.
REC'D C.P. JUL -2 2014
JUN 26 2014
Generated Date:
7/3/2014 1:51 PM

5.

Prescott Middle School has several behavioral and disciplinary policies and procedures in place, including a student dress code. The Dress Code defines appropriate attire for male and female students and prescribes how students are to dress.

6.

On or about November 15, 2012, while teaching her fourth period class, Ms. Claiborne noticed that two (2) female students were dressed in violation of the Dress Code.

7.

In accordance with existing procedure, Ms. Claiborne asked the inappropriately dressed students to follow her to Coach Franklin's office. Once there, the students' parents would be notified that their attire violated the Dress Code and would be asked to bring alternate clothes. The students would then wait for their parents and change of clothes in Coach Franklin's office.

8.

On the way to Coach Franklin's office, Ms. Claiborne fell in the school hallway.

9.

She suffered injuries from the fall, including but not limited to her back and leg.

10.

After getting up from the floor, Ms. Claiborne resumed escorting the students to Coach Franklin's office.

11.

After resting a while, Ms. Claiborne proceeded to the administrative office to report her fall and fill out an incident report. However, the administrative office personnel would not give her an incident report to fill out.

12.

The next day, Ms. Claiborne reported to work with a noticeable limp and severe back pain. At that time, administrative office personnel gave Ms. Claiborne an incident report to complete.

13.

Administrators advised Ms. Claiborne to seek medical attention and that a substitute would be secured for her class.

2



Certified True and Correct Copy
eCertID: 0001476775

Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/3/2014 1:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

14.

After seeking medical attention, Ms. Claiborne was referred to a physical therapist.

15.

On or about January 4, 2013, Ms. Claiborne started physical therapy.

16.

Shortly after beginning physical therapy, Ms. Claiborne experienced an increase in pain.

17.

Accordingly, her physical therapist wrote to the school requesting the following accommodations for Ms. Claiborne:

    (a) limit the number of times that Ms. Claiborne was required to walk up and down the stairs to once per day;

    (b) limit Ms. Claiborne to primarily sedentary activities;

    (c) limit Ms. Claiborne's standing and sitting to 30 minute increments;

    (d) reduce required stooping; and

    (e) limit Ms. Claiborne's lifting to not more than 10 pounds at a time.

18.

However, none of these prescribed accommodations were implemented by Defendants.

19.

Several times a day, Ms. Claiborne was expected to escort children to bathrooms on different floors. She was expected to escort students to lunch in a cafeteria on a different floor. She was also asked to teach classes on different floors throughout the day.

20.

Subsequently, Ms. Claiborne was required to take sick leave, as ordered by her physician. However, she prematurely returned to work prior to her doctor releasing her to do so because Defendant required all teachers to participate in LEAP testing.

21.

As a minimal attempt at accommodating her physical limitations, an administrator asked Ms. Claiborne to perform hall duty, which would allow Ms. Claiborne to be stationary and seated throughout the LEAP testing.

3

Certified True and Correct Copy
cCertID: 000147675
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
7/3/2014 1:51 PM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or BPC Rule 3.3(a)(3).

22.

However, during actual testing, on or about April 12, 2013, Ms. Claiborne was assigned an active classroom to monitor, despite Defendants' representation that she would be assigned to hall monitoring duties.

23.

The task assigned to Ms. Claiborne required repeated escorting of students to and from the restroom and constant, persistent monitoring. This required her to remain on her feet as she paced the aisles, in clear violation of her doctor-imposed limitation.

24.

Despite her limited physical abilities and corresponding restrictions, Ms. Claiborne attempted to perform the duties of her employment and monitor the active class. The required physical active caused Ms. Claiborne severe pain and even brought her to tears.

25.

Ms. Claiborne was eventually sent home when another teacher saw Ms. Claiborne in tears and visible pain. She did not return to work following this incident.

26.

After leaving school during LEAP testing, Ms. Claiborne resumed her approved medical leave.

27.

Subsequently, Ms. Claiborne applied for Workman's Compensation, which was approved. Workman's Compensation became her sole means of income for several months.

28.

On or about June 28, 2014, Ms. Claiborne noticed a deposit from the RSD into her bank account.

29.

Upon contacting Human Resources about the deposit, Ms. Claiborne was informed that the funds constituted her final compensation from RSD. Human Resources called Ms. Claiborne a "risk" and that she was terminated. Notably, to date, Ms. Claiborne has not received notification of her termination in writing.

4



Certified True and Correct Copy
eCertID: 000147675

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/3/2014 1:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

30.

Consequently, on or about July 30, 2013, Ms. Claiborne submitted an Equal Employment Opportunity Commission (hereinafter "EEOC") Intake Questionnaire to the EEOC complaining of discrimination based on her disability. On September 14, 2013, Claiborne returned to the EEOC a signed "Charge of Discrimination" and "Agreement to Mediate." On February 14, 2014, the parties attempted to mediate the claim but failed to reach a resolution.

## CAUSES OF ACTION

31.

Defendants, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101, *et seq.* and the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*, have engaged in unlawful employment practices consisting of, but not limited to, the failure to reasonably accommodate Ms. Claiborne following her work-related injury.

32.

Defendants' actions constitute *inter alia*, a violation of La. R.S. 23:1361 (B), relative to unlawful discharge for asserting a workers' compensation claim.

## DAMAGES

33.

At all material times herein, Defendants were liable for the conduct carried out by its managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the conduct alleged herein occurred in the course and scope of such managers', employees' and/or agents' respective work duties.

34.

All of the actions complained of herein were made with malice and/or reckless indifference to Ms. Claiborne's state and federally protected rights.

35.

Plaintiff is entitled to extraordinary, nonpecuniary damages because Defendants intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

36.

As a result of the unlawful actions described above, Defendants are liable unto Ms. Claiborne for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and

5


Certified True and Correct Copy
eCertID: 000147675

Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/3/2014 1:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

unforeseeable damages; compensatory damages; punitive damages; prejudgment interest; attorney's fees and all costs of these proceedings.

## JURY DEMAND

37.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Vera Claiborne, prays that Defendant, Louisiana Recovery School District, be duly cited and required to appear and answer Plaintiff's Petition for Damages and Jury Demand and, after due proceedings had and legal delays, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Petition for Damages and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

G. Karl Bernard (#24294)
G. KARL BERNARD & ASSOCIATES, LLC
1615 Poydras Street, Suite 220
New Orleans, Louisiana 70112
Telephone:   (504) 412-9953
Facsimile:   (504) 412-8088
karlbernardlaw@bellsouth.net

Attorney for Plaintiff, Vera Claiborne

**PLEASE SERVE:**
Superintendant Patrick Dobard
C/o The Recovery School District Central Office
1615 Poydras Street, Suite 1400
New Orleans, LA 70112

6



Certified True and Correct Copy
eCertID: 000147675

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/3/2014 1:51 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 1.3(a)(3)